**INTER–TRIBAL COUNCIL OF NEVADA, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 82–7003.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 1982.

Decided Jan. 12, 1983.

Donald K. Pope, Reno, Nev., for petitioner.

Steven Mandel, Washington, D.C., for respondent.

Before DUNIWAY, FLETCHER, and BOOCHEVER, Circuit Judges.

PER CURIAM:

At the hearing before the Administrative Law Judge (ALJ), the Petitioner, Inter-Tribal Council of Nevada (ITC), failed to raise the issue of the Secretary of Labor's authority to secure recoupment of allegedly misspent funds granted under the Comprehensive Employment and Training Act of 1973 (CETA).

Moreover, the issue was not set forth, as required, or even suggested in the prehearing statement filed by ITC. The issue was not brought up at the hearing or referred to

in argument at the end of the hearing. For the first time, more than two months after the hearing, the issue was referred to in ITC's proposed Findings of Fact and Conclusions of Law and Memorandum. No motion was filed to reopen the proceedings.

■ Regulations under the Act require a complainant requesting a hearing on an agency determination to specify the disputed provisions. Provisions of the determination not specified at the hearing "shall be considered resolved and not subject to further review." 20 C.F.R. 676.88(f) (1982). Under these circumstances the ALJ did not err in refusing to consider the issue.

■ All issues which a party contests on appeal must be raised at the appropriate time under the agency practice. *United States v. L.A. Tucker Truck Lines,* 344 U.S. 33, 37, 73 S.Ct. 67, 97 L.Ed. 54 (1952). This was not done in this case.

■ Under the 1973 Act the Secretary was prohibited from providing financial assistance unless adequate accounting requirements were established to promote the effective use of the funds. Pub.L. No. 93–203, § 603(14), 87 Stat. 878 (1973) (codified at 29 U.S.C. § 983(14) (1976)), *superseded by Comprehensive Employment and Training Act Amendments of 1978,* Pub.L. No. 95–524, 92 Stat. 1909 (1978). There was thus authority for the agency to determine whether funds granted under the program were misspent. ITC's argument as to the remedy sought does not go to the jurisdiction of the agency, or this court's jurisdiction to entertain the appeal. *See* Pub.L. No. 93–203, § 109, 87 Stat. 848 (1973) (codified at 29 U.S.C. § 819 (1976)). This is not a case where the agency was without power to adjudicate. *See Reese Sales Co. v. Hardin,* 458 F.2d 183, 187 (9th Cir.1972).

■ Under these circumstances we are unable to consider counsel's able presentation of the contention that the remedy of recoupment of the misspent funds was not available to the Secretary.

AFFIRMED.