707 F.2d 1011
 97 Lab.Cas. P 34,389
 Joe PATTERSON, Petitioner,
v.
Raymond J. DONOVAN, Secretary of Labor; United States
Department of Labor, Respondent.
Ralph I. MILLER, Petitioner,
v.
Honorable Raymond J. DONOVAN, Secretary of Labor, United
States Department of Labor, Respondent.
Grover L. HUBBARD and Frank M. Vierra, Petitioners,
v.
Hon. Raymond J. DONOVAN, Secretary of Labor, U.S. Department
of Labor, Respondent.
Robert L. ROBERTS, Petitioner,
v.
Honorable Raymond J. DONOVAN, Secretary of Labor, United
States Department of Labor, Respondent.
 Nos. 81-7418, 81-7589, 82-7157 and 82-7321.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 16, 1983.
Decided April 7, 1983.
 
 John W. Cumming, Eureka, Cal., for petitioner.
 Sandra D. Lord, Mary-Helen Mautner, Karry L. Adams, Dept. of Labor, Washington, D.C., for respondent.
 Petition for Review from Department of Labor.
 Before WRIGHT, CANBY and BOOCHEVER, Circuit Judges.
 PER CURIAM:
 
 
 1
 The legislature's decision to exclude employees described in Sec. 13(a)(1) of the Fair Labor Standards Act from the coverage of the Redwood National Park Expansion Act of 1978 did not violate due process. Congress could reasonably conclude that managerial employees of the type described in Sec. 13(a)(1) are less in need of federal assistance than those whose skills may reasonably be thought to be more specific to the industry affected by the Park expansion. "Congress did not intend to compensate every economic loss associated with expansion of the Redwood National Park." Lanning v. Marshall, 650 F.2d 1055, 1058 (9th Cir.1981). Its denial of compensation in this case is not unconstitutional.
 
 
 2
 The Secretary's determination that each of petitioners were executives within the meaning of Sec. 13(a)(1) was supported by substantial evidence. There was substantial evidence that each was paid a salary in excess of $250 per week; that the primary duty of each was management; and that this duty included customary and regular direction of the work of two or more other employees. See 29 C.F.R. Sec. 541.1(f) (1982).
 
 
 3
 The petitioner's contention that the Secretary wrongfully refused to make an exception in their favor, as he is empowered to do by Sec. 201(3) of the Act, was not raised in the briefs. We therefore do not rule upon it. Fed.R.App.P. 28(a)(2). We note, however, that the Secretary's power to make exceptions lies within his discretion, which is not shown to have been abused in this case.
 
 
 4
 The petition for review is denied.