Harvey L. PAGE, Petitioner,

v.

Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Respondent.

George R. PAPAGEORGE, Petitioner,

v.

Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Respondent.

Nos. 83–7122, 83–7128.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 1984.

Decided March 6, 1984.

---

David S. Krueger, Stokes, Steeves, Warren, Jensen & Cissna, Arcata, Cal., for petitioner.

Elizabeth S. Woodruff, Dept. of Labor, Washington, D.C., for respondent.

Before GOODWIN, PREGERSON and NELSON, Circuit Judges.

GOODWIN, Circuit Judge.

Petitioners seek review and reversal of an administrative decision holding them ineligible to receive income replacement benefits under Title II of the Redwood National Park Expansion Act of 1978, Pub.L. 95–250, 92 Stat. 163, 172–182.

In 1981 petitioners were both laid off from jobs in the northern California redwood industry. Papageorge had been green end foreman and later panel foreman in a plywood plant. As green end foreman, Papageorge supervised 20 or so employees. Page was general foreman of the night shift in the same plywood plant. He supervised three foremen who in turn supervised other workers. Both Papageorge and Page were responsible for seeing that production goals were met. They had authority to recommend hiring and firing, but did not have the power to carry out those recommendations.

The California Employment Development Department, which administers Redwood Act benefits for the Secretary of Labor, denied their claims on the grounds that petitioners did not fall within the statutory definition of "employees" eligible for benefits under the Act. After exhausting their administrative appeals, Page and Papageorge brought these petitions for review.

An "employee" eligible for Redwood Act benefits is

a person employed by an affected employer and, with such exceptions as the Secretary may determine, in an occupation not described by section 13(a)(1) of the Fair Labor Standards Act [FLSA] (29 U.S.C. 213(a)(1)). . . .

Redwood Act § 201(3), 92 Stat. at 172. The relevant portion of the Fair Labor Standards Act describes employees acting in an executive capacity.

The Secretary determined that Papageorge and Page were executives as defined by the regulations implementing 29 U.S.C. § 213(a)(1). 29 C.F.R. § 541.1. Petitioners now agree, but contend that the Secretary abused his discretion by failing to exercise his power under Redwood Act § 201(3) to exempt them from the executive exclusion of the FLSA and related regulations. They ask us to reverse the Secretary's action pursuant to 5 U.S.C. § 706(2)(A).

In the administrative proceedings, petitioners did not ask the Secretary to exercise his § 201(3) discretion to exempt them; instead, they argued that they did not fall within the executive exclusion. The Secretary contends that petitioners' failure to request an exemption in the administrative proceedings precludes them from now challenging his refusal to grant the exemption.

■ We recognize that "absent exceptional circumstances, a reviewing court will refuse to consider contentions not presented before the administrative proceeding at the appropriate time." *Getty Oil Co. v. Andrus*, 607 F.2d 253, 256 (9th Cir.1979). We reach the merits of petitioners' claims because the regulations on Redwood Act benefits and the Act itself create "exceptional circumstances" rendering waiver inappropriate. The regulations permit an aggrieved party to appeal from an adverse determination without specifying the error for which reversal is sought, 29 C.F.R. §§ 92.50(g), 92.-50(m), and direct the Assistant Secretary,

when hearing an appeal, to "ascertain whether substantial error adversely affecting the rights of a party has occurred, regardless of whether such error is alleged by an appealing party." 29 C.F.R. § 92.50(r). Petitioners argue that these regulations preclude the Secretary from invoking the waiver argument before this court.

This is a reasonable construction and must therefore prevail because of § 213(f) of the Act, which provides that "[i]n all cases where two or more constructions of the language of this title would be reasonable, the Secretary shall adopt and apply that construction which is most favorable to employees." 92 Stat. at 182. The rule of § 213(f) also applies to interpretation of regulations promulgated under the Redwood Act. *David v. Donovan*, 698 F.2d 1057, 1058–59 (9th Cir.1983). We therefore accept petitioners' construction of the regulations and reject the Secretary's waiver argument.

■ The Secretary raises one more procedural argument. He contends his discretion under Redwood Act § 201(3) to make exceptions to the FLSA definitions of employee is shielded from judicial review by 5 U.S.C. § 701(a)(2) as an action "committed to agency discretion by law."

Judicial review is not precluded in this case. Section 701(a)(2) applies only "where 'statutes are drawn in such broad terms that in a given case there is no law to apply.'" *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 410, 91 S.Ct. 814, 821, 28 L.Ed.2d 136 (1971), quoting S.Rep. No. 752, 79th Cong. 1st Sess., 26 (1945). Even if the statute is drawn broadly, review is not precluded if the legislative history offers standards that a reviewing court can apply. *Stickelman v. United States*, 563 F.2d 413, 416 (9th Cir.1977). Here the legislative history provides such standards; it is exactly those standards that petitioners ask us to apply. We now turn to the merits of petitioners' claims.

The Conference Report to the Redwood Act states that:

It is intended in section 201(3) that the Secretary shall include as covered employees, persons identified as administrative or professional for purposes of the Fair Labor Standards Act, *but who are not engaged in the performance of managerial functions, or functions directly auxiliary to management. For example, nurses and foremen should be determined to be covered employees* even though they may be excluded from the minimum wage and overtime provision of FLSA.

H.R.Conf.Rep. No. 931, 95th Cong., 2d Sess. 25, 1978 U.S.Code Cong. & Ad.News 463, 492, 494–495 (emphasis added.) Petitioners argue that this statement demonstrates that Congress intended foremen to be eligible for Redwood Act benefits, and that they are eligible because they were foremen.

We conclude that the Secretary did not abuse his discretion. Petitioners' supervisory duties were substantial enough to offer a rational basis for characterizing petitioners as being engaged at least in "functions directly auxiliary to management," even if they did not perform managerial functions themselves. It is unreasonable to conclude that because the second sentence mentions foremen, all employees labeled foremen are covered regardless of their actual functions. Such a reading ignores the first sentence of the quoted portion of the Conference Report.

Petitioners argue that § 213(f) of the Redwood Act, which mandates construction of the Act, where possible, in a manner favorable to workers, requires the Secretary to adopt their view. But § 213(f) applies by its terms only where an employee has advanced a *reasonable* construction of the language of the Act;[1] it does not require the Secretary to adopt an unreasonable construction. *Lanning v. Marshall,* 650 F.2d 1055, 1057 n. 4 (9th Cir.1981).

---

1. We assume without deciding that § 213(f) applies to constructions of the Redwood Act's legislative history.

The decisions of the Assistant Secretary are affirmed.