John William Cumming, Eureka, Cal., for petitioner.

Margrit Vanderryn, Dept. of Labor, Washington, D.C., for respondent.

**Gerald F. JACKSON, Petitioner,**

v.

**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Respondent.**

No. 82–7477.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 1984.

Decided March 6, 1984.

As Amended April 25, 1985.

Before GOODWIN, PREGERSON and NELSON, Circuit Judges.

GOODWIN, Circuit Judge

Petitioner Gerald F. Jackson seeks review of an administrative decision declaring him ineligible for benefits under Title II of the Redwood National Park Expansion Act of 1978, Pub.L. 95–250, 92 Stat. 163, 172–182, and holding him liable for repayment of $18,192.25 in benefits that he has already received.

Jackson was employed for many years by Twin Parks Lumber Company. He lost his job in 1978 when Twin Parks went out of business. The Secretary, through his agent, the California Employment Development Department (EDD), determined that Jackson was eligible for income replacement benefits under the Act.

In 1981, the Secretary, again acting through EDD, reversed his earlier determination. EDD decided that Jackson was not entitled to Redwood Act benefits and never had been, notified Jackson that he had been overpaid, and demanded restitution in the amount of $82,192.25. The reason given for this reversal was that Jackson had held an executive or managerial position at Twin Parks and thus did not meet the eligibility requirement of Redwood Act § 201(3). After exhausting administrative remedies, Jackson brought this petition for review. We reverse the Secretary's denial of benefits.

The Secretary's regulations provide that the EDD may reconsider its determination of eligibility for Redwood Act benefits un-

der the same conditions and subject to the same time limits as apply to determinations of entitlement under the California Unemployment Insurance Code. 29 C.F.R. § 92.-50(c). The Code permits reconsideration of eligibility for unemployment insurance only within twenty days of the initial determination, unless there has been "fraud, misrepresentation or willful nondisclosure," in which case the time limit is lifted. Cal.Unemp.Ins.Code §§ 1332, 1332.5 (West Supp. 1984).

In his decision denying benefits, the Assistant Secretary of Labor held that redetermination was justified by the existence of "misrepresentation or willful nondisclosure, if not fraud, in [Jackson's] own statements as to his employment position." This is a finding of fact. *Cf. Interpetrol Bermuda Ltd. v. Kaiser Aluminum International Corp.*, 719 F.2d 992 (9th Cir.1983) (existence of fraud is factual question); *Transitron Electronic Corp. v. Hughes Aircraft Co.*, 649 F.2d 871, 877 (1st Cir. 1981) (same). We therefore examine the record to determine whether this finding is supported by substantial evidence. 19 U.S.C. § 2395(b), *incorporated by reference in* 16 U.S.C. § 79*l*(h). It is not.

 Although the substantial evidence standard of review is relatively deferential to the agency factfinder, our review still must be "searching and careful, subjecting the agency's decision to close judicial scrutiny." *Memorial, Inc. v. Harris*, 655 F.2d 905, 912 (9th Cir.1980). Our examination of the record reveals a lack of substantial evidence on a point crucial to a finding of misrepresentation or willful nondisclosure: Jackson's state of mind at the time he applied for Redwood Act benefits.

The state of mind with which a claimant must act in order for nondisclosure on his or her part to trigger Cal.Unemp.Ins.Code § 1332.5 and override the time limits on reconsideration is clear: The Code states that the nondisclosure must be "willful." The Code does not specify the mental state that must accompany a claimant's misrepresentation, and we have found no cases on point. The history of a related section of

the Code leads to the conclusion that a claimant's misrepresentation must be made with actual knowledge of its falsehood in order for it to trigger § 1332.5. In an earlier version, the Code disqualified a claimant for unemployment compensation if he or she "wilfully made a false statement or representation" when applying for benefits. Cal.Unemp.Ins.Code § 1257(a) (West 1972). In 1979, the legislature amended § 1257(a) to require that the false statement or representation must be made "with actual knowledge of the falsity thereof." Cal.Unemp.Ins.Code § 1257(a) (West Supp.1984). The legislature declared that its amendment did not change existing law, but simply restated it. Cal.Unemp.Ins. Code § 1257 note (West Supp.1984). We conclude that the same requirement of actual knowledge which the legislature declared had always been implicit in § 1257(a) is also implicit in § 1332.5.

In this case there is no evidence to show that if Jackson failed to disclose information concerning his employment, he did so willfully. Likewise there is no evidence that if Jackson misrepresented the facts surrounding his position at Twin Parks, he did so with actual knowledge that his representations were false.

It is true that Jackson stated on his application for state unemployment benefits that he was available for work as a superintendent or foreman and then a few months later in his application for Redwood Act benefits used only the word "foreman" to describe his position at Twin Parks. But his failure to call himself a superintendent on his Redwood Act application does not mean that he willfully failed to disclose or knowingly misrepresented. Twin Parks was a small operation without a highly formalized structure. Jackson apparently did not have one hard and fast title but was known interchangeably as foreman (perhaps general foreman) and superintendent. Jackson might have believed in good faith that the terms "foreman" and "superintendent" were equivalent and could have used only the term "foreman" on his Redwood Act application without any intent to

deceive or actual knowledge that he was falsely describing his status.

Because the Secretary has not marshalled substantial evidence to establish fraud, misrepresentation, or willful nondisclosure, Cal.Unemp.Ins.Code §§ 1332 and 1332.5, as incorporated into 29 C.F.R. § 92.50(c), bar the Secretary from reconsidering Jackson's eligibility for Redwood Act benefits.

The decision of the Assistant Secretary for Labor-Management Relations is reversed.