Orrin L. TURNER, Petitioner,

v.

William E. BROCK, III,* Secretary of Labor, Respondent.

Brooks E. MONK; Robert G. Turner; Vernon T. Applewhite; Kenneth L. Craig; Caerwin Williams; William R. Bott; Allen B. Masterson; Charles J. Pickering; Jose R. Romero; Evert M. Ross; Donald E. Kern; Edwin Speier; and Maynard J. Ingham, Petitioners,

v.

William E. BROCK, III,* Secretary of Labor, Respondent.

Nos. 84–7762, 85–7066.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 1987.

Decided April 3, 1987.

---

* William E. Brock, III, the current Secretary of Labor, is substituted for former Secretary Dono- van. *See* Fed.R.App.P. 43(c)(1).

Before ANDERSON, ALARCON, and HALL, Circuit Judges.

ALARCON, Circuit Judge:

Brooks E. Monk, Robert G. Turner, Vernon T. Applewhite, Kenneth L. Craig, Caerwin Williams, William R. Bott, Allen B. Masterson, Charles J. Pickering, Jose R. Romero, Evert M. Ross, Donald E. Kern, Edwin Speier, and Maynard J. Ingham (claimants) have filed a petition for review of the decision of the Secretary of Labor (Secretary) upholding the redetermination by the California Employment Development Department (EDD) of the entitlement of the claimants to benefits under Title II of the Redwood National Park Expansion Act of 1978 (Redwood Act), Pub.L. 95–250, 92 Stat. 163, 172–182.[1] Claimants Monk and Robert G. Turner also seek review of the Secretary's determination that they are not employees under Section 201(3) of the Redwood Act.

Orrin L. Turner[2] has petitioned for a review of the Secretary's decision upholding a redetermination by the EDD which found him ineligible for benefits under Title II of the Redwood Act. Orrin L. Turner additionally appeals from the Secretary's finding that he is not an employee within the meaning of Section 201(3) of the Redwood Act.

We must decide whether the EDD ordered redetermination of each claimant's entitlement to prospective benefits, after the twenty day time period for reconsideration had expired, to correct errors of law or solely to comply with a change in the Secretary's discretionary policy concerning the award of benefits to certain persons engaged in managerial functions. We conclude that redetermination was ordered in each case to correct errors of law and affirm.

John W. Cumming, Eureka, Cal., for petitioners.

Donald D. Carter, Jr., Washington, D.C., for respondent.

### I.

The Redwood Act was enacted to increase the acreage of the Redwood Nation-

---

1. Title II of the Redwood Act is not codified. Unless otherwise noted, references are to the Redwood Act.

2. Orrin L. Turner is included in the term "claimants."

al Park. To ensure that employees of the forest products industry would not be forced to suffer personal hardships as a result of the expansion of the park, the Redwood Act provides for the award of benefits to maintain the income and benefits of the employees of affected employers. *Lanning v. Marshall*, 650 F.2d 1055, 1056 (9th Cir.1981) (citing H.R.Rep. No. 95–581, 95th Cong., 2d. Sess. 28, 1978, U.S. Code Cong. & Admin. News 463 (1977); *see* § 204(a) ("The Secretary shall provide, to the maximum extent feasible, ... rights and benefits which affected employees would have had in an employment with affected employers").

Title II of the Redwood Act sets forth the eligibility requirements and the administrative procedures that must be followed to obtain benefits under the Redwood Employee Protection Program (REPP). The Redwood Act limits the award of benefits under REPP to employees who work for an "affected employer." Sections 201(3) and 201(6).

Section 201(3) defines an "employee" as "a person employed by an affected employer and, with such exceptions as the Secretary may determine, in an occupation not described by section 13(a)(1) of the Fair Labor Standards Act [FLSA] (29 U.S.C. § 213(a)(1))." Section 13(a)(1) of the FLSA pertains to "any employee employed in a bona fide executive, administrative, or professional capacity...." 29 U.S.C. § 213(a)(1) (1982).

"Affected employers" are business entities engaged in the harvest of timber, or in related sawmill, plywood, and other wood processing operations. Section 201(6).

The EDD is authorized to administer applications for REPP benefits. 29 C.F.R. § 92.1(b) (1980). Parties dissatisfied with a determination or redetermination by the EDD may appeal to an administrative law judge of the California Unemployment Insurance Appeals Board. 29 C.F.R. § 92.-50(f). Review of the ALJ's decision may be obtained from the Assistant Secretary of Labor. 29 C.F.R. § 92.50(*l*).

## II.

Each claimant was employed by an affected employer. They were laid off between May 31, 1977 and September 30, 1980. Each applied for weekly layoff benefits and severance payments under Title II of the Redwood Act. Each claimant alleged that he was not barred from eligibility under section 13(a)(1) of the FLSA. The EDD initially determined that each claimant was eligible [3] for benefits under the Redwood Act. The EDD determined that benefits should be awarded after consulting the 1978 United States Department of Labor REPP Handbook (REPP Handbook) which was issued to California to provide guidelines for the administration of the REPP. Chapter II, section 4(a)(2) of the REPP Handbook states that to be eligible for benefits under the Redwood Act, a person must

> not be in an occupation described in Section 13(a) of the Fair Labor Standards Act (29 U.S.C.). Generally, this exclusion refers to occupations which are executive, administrative, or professional. The legislative history of the Redwood National Park Expansion Act excludes *all* executives and outside salespersons from coverage under the REPP. But, the Act does cover administrative and professional employees who are *not* engaged in managerial functions or functions directly auxiliary to management. This means that persons in occupations such as nurses and foremen are to be considered employees for purposes of the Act.

(emphasis in original). On June 3, 1981, the Secretary issued a memorandum to clarify questions concerning the exclusion of workers from REPP coverage. The memorandum stated:

> Questions have recently arisen concerning which employees should be excluded from REPP coverage because they fall

---

**3.** Appellant Jose R. Romero was disqualified from benefits on unrelated grounds, not pertinent to the issues presented in this appeal.

within the 13(a)(1) FLSA exclusion of Section 201(3) of the Redwood Act (Public Law 95–250).

The memorandum pointed out that Appendix II of the Handbook contains "an abbreviated test for determining executive status that will eliminate the need for considering each test (a) through (f) in the guidelines for executive." The 1978 Handbook contains a three-step guideline for high salaried administrative employees. *Handbook* Appendix II, at 2, 4. The memorandum concludes with the direction that "the income and duties guidelines listed under the special provisos should permit straight forward decisions in most cases." The 1981 memorandum does not set forth new requirements or guidelines. It is instead an exhortation to apply special provisions of the guidelines issued in the 1978 Handbook in determining the entitlement of high-salaried administrative employees to prospective benefits.

Following receipt of the June 3, 1981 memorandum, the EDD redetermined the entitlement of each claimant to prospective benefits in light of the three-step guideline for high-salaried executive or administrative employees. Upon such redetermination, the EDD found that the claimants were not entitled to benefits because they had been engaged in managerial duties.

Each claimant appealed to the California Unemployment Insurance Board on the ground that redetermination had been made after the original determination had become final. The appeals were heard by administrative law judges.

The time limits for a redetermination of entitlement to benefits under the Redwood Act are set forth in 29 C.F.R. § 92.-50(c)(1980). This regulation provides that the EDD may reconsider determinations subject to the time limits of the California Unemployment Insurance Code and California Unemployment Appeals Board regulations. Section 1332 of the California Unemployment Insurance Code provides "the department may for good cause reconsider any determination within 20 days after mailing or personal service of the notice of determination."

The administrative law judges who heard the appeals filed by Monk, Robert G. Turner, and Orrin L. Turner concluded that the decisions of the EDD upon redetermination were within its authority and affirmed the denial of prospective benefits. The administrative law judges who heard the appeals of the remaining claimants reversed without considering whether they were covered employees on the basis that section 92.50(c) barred redetermination after 20 days. Monk, Robert G. Turner, and Orrin L. Turner appealed to the Secretary for review of the adverse decisions in their cases. The EDD also filed an appeal in the matters involving the other claimants.

The Secretary held that the 20 day time limitation did not preclude redetermination of the claimants' entitlement to benefits under the Redwood Act. The Secretary also concluded that Monk, Robert G. Turner and Orrin L. Turner were not employees within Section 201(3). The remaining matters involving the other claimants were remanded for redetermination of their entitlement to benefits.

### III.

The claimants contend that a redetermination after the 20–day time limit is barred unless (1) the benefits were awarded as the result of fraud or (2) reconsideration is required to correct an error of law. They argue that the sole basis for redetermination in each case was a change in the Secretary's policy regarding the entitlement of management employees to receive benefits. Claimants assert that because the Secretary "had the authority under Redwood Act § 201(3) to make exceptions to find some management employees eligible" there was no error of law to correct.

Whether the EDD has the power to reconsider its determinations is a pure question of law which we review *de novo*. *See Icicle Seafoods, Inc. v. Worthington,* —— U.S. ——, 106 S.Ct. 1527, 1530, 89 L.Ed.2d 739 (1986) (question of whether a particular activity excludes an employee from FLSA coverage is a question of law).

In *Holt v. Donovan*, 790 F.2d 1417 (9th Cir.1986) (per curiam), we were asked to decide whether Section 1332 of the California Unemployment Insurance Code permits a redetermination to correct erroneous interpretations of law after 20 days have elapsed. We concluded that California does not bar redetermination to correct errors of law after the 20–day period elapses. We reasoned as follows:

> Section 1332(a) of the California Unemployment Insurance Code does not bar prospective redetermination of Holt's claim for benefits. Section 1332 is intended to expedite prompt payment or denial of benefits. *See also* Cal.Unemp. Ins.Code § 1326 (West 1986). The section permits the EDD to correct within a reasonable time erroneous eligibility determinations by interviewers. *See Miranda v. California Unemployment Insurance Appeals Board*, 36 Cal.App.3d 213, 218–20, 111 Cal.Rptr. 419, 422–23 (1973). It was not intended however, to paralyze agency efforts to correct its own erroneous interpretations of the law. In fact, state regulations implementing California Unemployment Insurance Code section 1326 (West 1986) require periodic reviews of a recipient's eligibility, *see* Cal.Admin.Code tit. 22, R. 1326–1(b)(4) (1982), and permit EDD to terminate benefits to recipients found ineligible, *see* Cal.Admin.Code tit. 22, R. 1326–1(b)(5) (1982), after observing the requirements of due process.

*Id.* at 1418.

Claimants argue that *Holt* is inapplicable to the redetermination of their claims of entitlement. They urge us to apply our decision in *Jackson v. Donovan*, 758 F.2d 1313 (9th Cir.1985). In *Jackson*, the sole question we addressed was whether redetermination after the 20–day time limit was proper because eligibility for benefits under the Redwood Act had been established through fraud. We concluded that redetermination was not proper because there was insufficient evidence of a knowing misrepresentation or willful nondisclosure. *Id.* at 1314. In that context we stated as follows:

> The Secretary's regulations provide that the EDD may reconsider its determi-

nation of eligibility for Redwood Act benefits under the same conditions and subject to the same time limits as apply to determinations of entitlement under the California Unemployment Insurance Code. 29 C.F.R. § 92.50(c). The Code permits reconsideration of eligibility for unemployment insurance only within twenty days of the initial determination, unless there has been "fraud, misrepresentation or willful nondisclosure," in which case the time limit is lifted. Cal. Unemp.Ins.Code §§ 1332, 1332.5 (West Supp.1984).

*Id* at 1313–14. In *Jackson*, we did not consider the power of the EDD to redetermine entitlement to prospective benefits to correct errors of law. We resolved that question in *Holt*. *Jackson* is inapplicable under these facts.

The claimants' contention that the initial determination that they were entitled to benefits was based on the exercise by the Secretary of his discretionary powers under Section 201(3) finds no support in the record. Section 201(3) authorizes the Secretary to determine exceptions to the managerial and executive employees excluded from benefits under Section 13(a)(1) of the FLSA, 29 U.S.C. § 213(a)(1) (1982).

We have examined the REPP Handbook and the clarifying memorandum issued June 3, 1981. The REPP Handbook sets forth guidelines to assist EDD employees in interpreting the Redwood Act. The June 3, 1981 memorandum was drafted to address questions that had been raised in applying the REPP Handbook guidelines. Neither contains any evidence of a determination by the Secretary authorizing the extension of benefits to the type of work performed by Monk, Robert G. Turner, and Orrin L. Turner.

■ We reject claimants' argument that an initial determination by the EDD awarding benefits to a manager or executive constitutes evidence of an exercise of the Secretary's authority under Section 201(3) to extend coverage to persons primarily engaged in managerial functions. If we were to adopt this interpretation of Con-

gressional intent, all awards of benefits by the EDD would become invulnerable to reversal on appeal. An employee who is covered by the Redwood Act would quite properly prevail on appeal. A manager or executive awarded benefits by the EDD would also succeed on appeal based on the claim that the decision in his favor was the result of an exercise by the Secretary of his discretion under the statute. We decline the invitation to adopt an interpretation of Section 201(3) that would nullify Congress' intent to restrict benefits to persons who did not perform managerial functions. *See Haggar Co. v. Helvering*, 308 U.S. 389, 394, 60 S.Ct. 337, 339, 84 L.Ed. 340 (1940) ("A literal reading of [statutes] which would lead to absurd results is to be avoided when they can be given a reasonable application consistent with their words and with the legislative purpose").

■ The record shows that the EDD redetermined each claimant's entitlement to benefits because it had concluded that its initial award of benefits was based on an incorrect interpretation of the requirements of the Redwood Act. Under California law, as interpreted in *Holt*, the 20–day time limitation was inapplicable.

### IV.

The Redwood Act provides that the factual findings of the Secretary are conclusive if supported by substantial evidence. 19 U.S.C. § 2395(b) (1982), as incorporated by Section 103(h), as amended, 16 U.S.C. § 79*l* (h) (1982).

The fact an employer has designated the person performing certain duties as a foreman is not controlling. *Page v. Donovan*, 727 F.2d 866, 869 (9th Cir.1984). In *Page*, we held that a foreman is excluded from benefits if his "supervisory duties were substantial enough to offer a rational basis for characterizing petitioners as being engaged at least in 'functions directly auxiliary to management,' even if they did not perform managerial functions themselves." *Page v. Donovan*, 727 F.2d at 869.

The Secretary's determination that Monk, Robert G. Turner, and Orrin L.

Turner were not eligible for benefits is supported by substantial evidence.

■ Orrin L. Turner was initially found eligible for benefits by the EDD on May 2, 1979. On November 5, 1981, the EDD found that Orrin L. Turner was not entitled to prospective benefits because he was engaged in managerial functions or functions directly auxiliary to management. The administrative law judge and the Secretary reached the same conclusion.

Orrin L. Turner was employed as a maintenance foreman by the Arcata Redwood Company (Arcata) until December 1, 1977. The evidence considered by the EDD in ordering a redetermination and denying further benefits included a letter from Arcata that stated that Orrin L. Turner's work consisted of managerial and supervisorial duties. Occasionally, however, Orrin L. Turner would help his subordinates when an extra hand was needed. No evidence was presented that he performed a *substantial* amount of work that was covered by the employee benefits provisions of the Redwood Act. His duties as maintenance foreman were to keep the Arcata facility and the lumber trucks running. He received $1,625 a month. He supervised 15 employees. He had the authority to fire employees. He also interviewed prospective employees and made recommendations concerning the hiring of employees. His duties also included the purchase of small items necessary for maintenance work and the responsibility to recommend the purchase of new equipment.

Orrin L. Turner quit his position as maintenance foreman on December 1, 1977. He took a seven month leave of absence. He returned to work as a truck driver on June 23, 1978.

The term "executive" is defined in Section 541.1 of the FLSA regulations. 29 C.F.R. § 541.1. This regulation contains a short and long test for assessing executive status. *Hodgson v. Cactus Craft of Arizona*, 481 F.2d 464, 466 (9th Cir.1973). Under the short test set forth in 29 C.F.R. § 541.1, a person is not entitled to benefits under the Redwood Act if (1) he receives more than $250 a week, (2) his primary

duty consists of management, and (3) his duties require him to supervise two or more employees. *Patterson v. Donovan*, 707 F.2d 1011, 1012 (9th Cir.1983). In *Wainscoat v. Reynolds Electrical & Engineering Co., Inc.*, 471 F.2d 1157 (9th Cir. 1973), a matter decided prior to the enactment of the Redwood Act, we upheld the application of the short test by the district court to a claim by drilling superintendents that they were employees entitled to overtime pay under section 207(a)(1) of the Fair Labor Standards Act. *Id.* at 1163. Under the short test, Orrin L. Turner was ineligible for benefits because his primary duties were executive. His primary duty consisted of the management of one of Arcata's departments. He supervised more than two employees. His pay exceeded $250 a week.

The effective date of the Redwood Act was March 27, 1978. On that date, Orrin L. Turner was not employed by Arcata. Persons entitled to benefits under the Redwood Act must have had at least 12 months of creditable service as of the date of the enactment of Section 201(10)(A). As discussed above, the work Orrin L. Turner had performed prior to that date did not entitle him to benefits under the Redwood Act. Thus, he was not a covered employee on March 27, 1978.

The record shows that Monk was a foreman in charge of the resaw operation. He was paid $1,540 a month. His duties consisted of directing and supervising the flow and production of lumber through the resaw section of the mill. He supervised six pullers, two graders, one fork lift driver, one spotter, and four resaw men. He also had the authority to make recommendations concerning the hiring and firing of employees. Under the short test, Monk was not a covered employee entitled to benefits under the Redwood Act.

Robert G. Turner held the position of Plant Superintendent of a sawmill. He was paid $2,400 a month. He was in charge of 60 to 70 employees. He was the supervisor of three foreman. He also had the authority to fire employees. He exercised discretion over the everyday operation of the sawmill. He was required to resolve personnel matters. He also had the discretion to close the assembly line because of maintenance problems. Substantial evidence supports the Secretary's finding that Robert G. Turner was employed in a management function.

## V.

The EDD had the authority to reconsider its erroneous interpretation of the Redwood Act after the 20–day time limitation. The Secretary did not err in concluding that redetermination of each claim was authorized under the Redwood Act. Substantial evidence supports the Secretary's determination that Monk, Robert G. Turner, and Orrin L. Turner are not entitled to benefits under the Redwood Act because they were engaged in managerial functions. The Secretary correctly determined that entitlement to benefits by the remaining claimants must be redetermined.

AFFIRMED.