NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACOB KEITH COOPER, | No. 15-73193 |
| Petitioner, | SEC No. 3-15842 |
| v. | |
| U.S. SECURITIES & EXCHANGE COMMISSION, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Securities & Exchange Commission

Submitted December 11, 2019**

Before:     WALLACE, CANBY, and TASHIMA, Circuit Judges.

Jacob Keith Cooper petitions pro se for review of the Securities & Exchange

Commission Administrative Law Judge's decision permanently barring him from

participation in the securities industry and ordering the payment of a civil penalty

and disgorgement of revenues and consulting fees. We have jurisdiction under 15

_____

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 78y.  We deny the petition.

The only issue Cooper raises in the opening brief is whether the ALJ was properly appointed under the Appointments Clause.  However, because Cooper did not timely raise this issue before the Commission, he may not raise the issue on appeal.  *See* 15 U.S.C. § 78y(c)(1) ("No objection … may be considered by the court unless it was urged before the Commission or there was reasonable ground for failure to do so."); *Lucia v. SEC*, 138 S. Ct. 2044, 2055 (2018) ("[O]ne who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." (citation and internal quotation marks omitted)); *Inter-Tribal Council of Nevada v. United States Dept. of Labor*, 701 F.2d 770, 771 (9th Cir. 1983) ("All issues which a party contests on appeal must be raised at the appropriate time under the agency practice."); *see also Malouf v. SEC*, 933 F.3d 1248, 1255-58 (10th Cir. 2019).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on reply. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

**PETITION DENIED.**