NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDWARD A. COLLEY; FREDERICK D.
MALCOMB, Jr.,

No.    18-56195

D.C. No. 2:17-cv-03125-RGK-JPR

Plaintiffs-Appellants,

v.

MEMORANDUM[**]

BARBARA M. BARRETT, Air Force
Secretary; et al.,[*]

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted August 5, 2020[***]

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Edward A. Colley and Frederick D. Malcomb, Jr., appeal pro se from the

district court's order following a bench trial in their action challenging the Air

---

[*]    Barbara M. Barrett has been substituted for her predecessor, Heather
Wilson, as Secretary of the Air Force under Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[***]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Force's decertification of appellants as JROTC instructors. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's conclusions of law following a bench trial, and for clear error factual findings. *Brazil Quality Stones, Inc. v. Chertoff*, 531 F.3d 1063, 1067 (9th Cir. 2008). We affirm.

The district court properly concluded that the Air Force's final order to decertify appellants as instructors for missing a mandatory reporting deadline in two consecutive years was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See* 5 U.S.C. § 706(2)(A) (under the Administrative Procedure Act, the underlying agency decision may not be set aside unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"); *Barnes v. U.S. Dep't of Transp.*, 655 F.3d 1124, 1132 (9th Cir. 2011) ("Review under the arbitrary and capricious standard is narrow, and we do not substitute our judgment for that of the agency. An agency decision will be upheld as long as there is a rational connection between the facts found and the conclusions made." (citations omitted)).

We reject as meritless appellants' contention that the Air Force lacked the authority to decertify them as instructors. *See* 10 U.S.C. §§ 2031, 2033 (authorizing the Air Force to establish programs at secondary schools and to select and certify qualified instructors).

The district court properly concluded that appellants did not establish a violation of the Privacy Act, 5 U.S.C. § 552a, because they failed to show that the record was intentionally or willfully inaccurate, or that the alleged inaccuracy caused the final decertification decision. *See Rouse v. U.S. Dep't of State*, 567 F.3d 408, 413-14 (9th Cir. 2009) (discussing requirements for Privacy Act claims).

The district court properly dismissed appellants' due process claim because appellants failed to allege facts sufficient to show that the decertification process did not comport with due process. *See Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1040 (9th Cir. 2011) (setting forth standard of review for dismissal under Fed. R. Civ. P. 12(b)(6)); *Buckingham v. Sec'y of U.S. Dep't of Agric.,* 603 F.3d 1073, 1082-83 (9th Cir. 2010) (due process does not require a formal hearing; rather "the due process evaluation is flexible and calls for such procedural protections as the particular situation demands" (citations and internal quotation marks omitted)).

The district court did not abuse its discretion in limiting discovery. *See Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1447, 1450 (9th Cir. 1996) (setting forth standard of review and general rule that judicial review of agency action is limited to review of the administrative record).

We do not consider issues not raised before the agency. *See Inter-Tribal Council of Nev. v. U.S. Dep't of Labor*, 701 F.2d 770, 771 (9th Cir. 1983) ("All

issues which a party contests on appeal must be raised at the appropriate time under the agency practice.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

**AFFIRMED.**